UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E.L.D.M.,

Petitioner,

v.

MOISES BECERRA, *et al.*,

Respondents.

Case No.  1:25-cv-1906-DJC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner argues that he is a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, ---F.R.D.---, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), and that he has been unlawfully detained under 8 U.S.C. § 1225 instead of 8 U.S.C. § 1226.  He also filed a motion for a temporary restraining order.  ECF No. 4.  The court converted that motion to a motion seeking a preliminary injunction, granted it, and ordered petitioner's immediate release.  ECF No. 10.

In granting petitioner's emergency motion, the court found that petitioner was likely subject to section 1226(a)'s discretionary detention scheme rather than section 1225(b)(2)'s mandatory detention scheme and, therefore, was unlawfully detained and entitled to a bond hearing.  *Id.* at 5, 8.  In addition to granting petitioner's immediate release, the court (1) ordered that respondents not impose any additional restrictions, such as electronic monitoring, on him,

1

absent a determination at a future pre-deprivation/custody hearing that additional restrictions are needed, and (2) enjoined respondents from re-arresting or re-detaining him unless respondents provide no less than seven days' notice to him and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond is considered. *Id.* at 10. The court also ordered that petitioner could have counsel present at any such hearing. *Id.* Finally, the court referred the matter to me for all further proceedings. *Id.* at 11.

I ordered the parties to submit a joint status report on the parties' plan to proceed with the action. ECF No. 11. In their report, the parties state that the government's opposition to the temporary restraining order, ECF No. 8, and petitioner's reply to the government's opposition, ECF No. 9, can be treated as the parties' response and traverse to the petition. *Id.* at 2. The parties further stipulate to dismiss petitioner's third claim for relief (violation of petitioner's Due Process Rights). *Id.*

In light of the parties' response, I recommend, for the reasons discussed in the court's order granting petitioner injunctive relief, that the petition for a writ of habeas corpus be granted based on a finding that respondents violated the INA and unlawfully detained petitioner. *See Dominguez v. Noem*, No. 1:25-cv-1577-JDP, 2025 WL 3268507, at *1 (E.D. Cal. Nov. 24, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-1354-KES-SKO (HC), 2026 WL 252235, at *1 (E.D. Cal. Jan. 30, 2026), *report and recommendation adopted*, No. 1:25-cv-1354-KES-SKO (HC), 2026 WL 358326 (E.D. Cal. Feb. 9, 2026).

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents shall not impose any additional restrictions on petitioner, such as electronic monitoring, unless it is determined to be necessary at a future pre-deprivation/custody hearing;

3. Respondents be enjoined and restrained from re-detaining petitioner unless respondents provide no less than seven days' notice to petitioner and hold a pre-deprivation bond hearing

before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond is considered, and petitioner may have counsel present; and

    4. The Clerk of Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 23, 2026                                        
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE